UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHERYL A. SMITH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner, Social Security<br>Administration,<br><br>　　　　Defendant. | Case No: C 11-1295 SBA<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Docket 21 |

Presently before the Court is an unopposed motion for attorney's fees brought by Plaintiff's counsel, Dolly Trompeter ("Trompeter"), under 42 U.S.C. § 406(b). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.      **BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act ("SSA"). The Social Security Commissioner ("Commissioner") denied her application initially and upon reconsideration. On August 9, 2010, the Appeals Council denied Plaintiff's request for review of the decision of the Administrative Law Judge ("ALJ"). On March 17, 2011, Plaintiff filed an appeal with this Court. On January 9, 2012, the parties entered into a stipulated agreement for a voluntary remand to the SSA for further administrative proceedings. The parties' stipulation requested the Court to direct the Clerk of the Court to enter a final judgment in favor of Plaintiff and against the

Commissioner, reversing the final decision of the Commissioner. On January 17, 2012, the Court signed the parties' stipulation.

On August 1, 2012, the ALJ issued a decision granting benefits to Plaintiff beginning March 31, 2005 and continuing to the present. The Commissioner awarded Plaintiff $65,499 in past-due benefits. On May 14, 2012, the parties stipulated that the Commissioner would pay Trompeter attorney's fees in the amount of $1,800 pursuant to the Equal Access to Justice Act ("EAJA").

Plaintiff was represented in the district court and on remand by Trompeter under a contingency fee agreement that provided for a fee of 25% of any past-due benefits awarded to Plaintiff. In a letter dated March 10, 2013, the SSA advised Plaintiff that it had approved the fee agreement entered into between her and Trompeter. Plaintiff was further advised that the SSA could not withhold more than 25% of the past-due benefits awarded to her, i.e., more than $16,374.75. The letter also stated that the SSA had already paid $5,300 to Trompeter, and that it would continue to withhold the remainder, $11,074.75, in the event Trompeter filed a request for attorney's fees with the district court. Pursuant to § 406(b), Trompeter now moves for an award of attorney's fees in the amount of $11,074.75, representing 25% of Plaintiff's past-due benefits less the amount the SSA has already paid her, i.e., $5,300.[1]

## II.   DISCUSSION

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the SSA. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the SSA is paid out of a successful claimant's past-due benefits. See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from "inordinately large fees." See Gisbrecht v. Barnhart, 535 U.S. 789, 805

---

[1] Trompeter acknowledges that the $1,800 in EAJA fees should be reimbursed to Plaintiff if the Court grants her motion.

(2002).  If the court awards fees under both the EAJA and SSA, the attorney must reimburse the client the amount of the smaller fee.  See id. at 796.

Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may. . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. . . .

The 25% maximum fee is not an automatic entitlement; courts are required to ensure that the requested fee is reasonable.  See Gisbrecht, 535 U.S. at 808-809.  The district court reviews counsel's fee request "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases."  Id. at 807.  The analysis begins with the fee agreement, and the question is "whether the amount need be reduced, not whether the loadstar amount should be enhanced."  Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009).  "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  Id. at 1151.  In determining whether the fee is reasonable, courts consider the character of the representation and the results achieved.  Id.  It is counsel's burden to demonstrate the reasonableness of the fees requested.  Id.

The Court finds that Trompeter has met her burden to demonstrate that the fees she requests are reasonable.  Plaintiff and Trompeter entered into a contingency fee agreement providing for a 25% fee, which is consistent with the statutory cap.  There is no evidence that Trompeter's performance was substandard.  To the contrary, Trompeter's representation resulted in her client receiving substantial past-due benefits.  After the parties entered into a stipulation to remand this matter to the Commissioner for further proceedings, Trompeter secured a decision in Plaintiff's favor in the amount of $65,499.  In addition, there is no evidence that counsel caused any delay in this case.  Finally, the fees requested by Trompeter do not constitute a windfall.  The fees requested are not

excessively large in relation to the benefits achieved.  Trompeter spent 29.30 hours litigating this case in the district court and "substantially" more hours preparing for and attending two ALJ hearings on remand.  The fees Trompeter seeks would result in an effective hourly rate of approximately $558 for work associated with litigating this case before the district court ($16,374.75 ÷ 29.30 hours).  The Court finds this rate reasonable considering the results achieved by Trompeter, the amount of time she spent on the case, and her assumption of risk in agreeing to represent Plaintiff on a contingency basis.  See Crawford, 586 F.3d at 1153 (affirming the reasonableness of the fees where the effective hourly rates were $519, $875 and $902); see also Moranti v. Colvin, 2014 WL 2990001, at *2 (N.D. Cal. 2014) (approving attorney's fees at a $500 hourly rate); Grunseich v. Barnhart, 439 F.Supp.2d 1032, 1035 (C.D. Cal. 2006) (approving attorney's fees at a $600 hourly rate).

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.  Trompeter's motion for attorney's fees in the amount of $11,074.75 is GRANTED.  After Trompeter receives this amount, she shall reimburse Plaintiff $1,800, which is the amount previously paid by the Commissioner under the EAJA.

2.  This Order terminates Docket 21.

IT IS SO ORDERED.

Dated: 8/8/2014

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge